IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Maurice Temple, | C/A No.: 8:18-03258-JFA-JDA |
| Petitioner, | |
| vs. | **ORDER** |
| Warden Scott Lewis, | |
| Respondent. | |

**I.    INTRODUCTION**

Dennis Maurice Temple ("Petitioner"), is currently incarcerated in the South Carolina Department of Corrections pursuant to an order of commitment of the Oconee County Clerk of Court. Petitioner, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On April 1, 2019, Warden Scott Lewis ("Respondent") filed a Motion for Summary Judgment along with a return to the Petition and memorandum of law in support. (ECF Nos. 24 & 25). On April 2, 2019, the court advised Petitioner of the summary judgment procedure and the possible consequences if he failed to respond via an order issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 26). Petitioner filed a response on April 25, 2019, to which Respondent filed a reply on May 2, 2019. (ECF Nos. 31 & 33). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should grant Respondent's Motion for Summary Judgment and dismiss the petition because (1) Grounds One and Two of the petition fail to state a claim for relief; and (2) Ground Three is not a cognizable issue in a federal habeas action. (ECF No. 34). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner was advised of his right to object to the Report, which was entered on the docket on June 20, 2019. (ECF No. 34). Petitioner filed objections to the Report on July 19, 2019, and later filed amended objections on August 26, 2019 (together the

"Objections"). (ECF Nos. 41 & 48). Respondent replied to the original objections on July 24, 2019, and again to the amended objections on September 9, 2019. (ECF Nos. 43 & 50). Thus, this matter is ripe for review.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III. DISCUSSION

Petitioner's habeas petition raises the following three issues:

**GROUND ONE:** The trial judge erred by what was in effect coercing appellant to appear pro se at trial because although appellant waived his right to counsel prior to trial, ultimately, he rescinded that waiver after the jury was selected and re-asserted his right to counsel by requesting the representation of appointed counsel for his trial.

**GROUND TWO:** The PCR court erred in granting summary judgment to the state on the issue of ineffective assistance of appellate counsel, where there was a genuine issue of material fact as to whether probable cause was established at a pre-trial hearing and where the transcript from that hearing was not included in the record on appeal.

**GROUND THREE:** Did the General Sessions Court have jurisdiction to hear appellant's criminal case when the magistrate court never established it had probable cause to detain appellant on the arrest warrants.

(ECF No. 1-1).

Initially, the Magistrate Judge stated that Ground Three is not a cognizable claim under § 2254 because federal habeas actions provide for review of solely federal law claims and subject matter jurisdiction of a state court is a state law issue not cognizable here. *Estelle v. McGuire*, 502 U.S. 62, 67068 (1991); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1991); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (holding that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."). Petitioner's objections on this issue fail to address this court's inability to adjudicate this claim as it is a state law claim and merely rehash his original arguments. A specific objection to the Magistrate's Report requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Accordingly, there is no error in the Report.

Even if this claim was cognizable, Petitioner's arguments would still fail because any jurisdictional challenge based on an alleged lack of probable cause was cured by the indictment returned by the grand jury in Petitioner's original criminal action. *Thompson v. State*, 251 S.C. 593, 596, 164 S.E.2d 760, 761 (1968).

Additionally, Petitioner seems to assert within his Objections that he was subject to an unlawful search or seizure under the Fourth Amendment. (ECF No. 48 p. 29-37). These assertions have no bearing on the Magistrate Judge's above conclusion and therefore fail to identify any error in the Report.

As to Grounds One and Two, the Magistrate Judge opines that:

> Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2).
>
> ***
>
> [A] decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

(ECF No. 34 p. 17-18).

Specifically, with regards to Ground One, the Report states:

> Petitioner concedes that he waived his right to counsel before trial; however, Petitioner contends that he subsequently rescinded that waiver and re-asserted his right to counsel after the jury had been selected. [Doc. 1-1 at 5– 12.] The United States Supreme Court "has never explicitly addressed a criminal defendant's ability to reassert his right to counsel once he has validly waived it." *Marshall v. Rodgers*, 569 U.S. 58, 62 (2013) (internal

quotation marks omitted). Because the Supreme Court has never squarely addressed the issue, the state court's decision not to continue Petitioner's trial so that he could proceed with counsel is not contrary to clearly established federal law. *Lopez v. Smith*, 574 U.S. 1, 2 (2014); *Marshall*, 569 U.S. at 64.

(ECF No. 34 p. 19).

In response to this conclusion, Petitioner claims that the "trial judge erred in allowing appellant to be tried without the assistance of counsel because although appellant waived the right to counsel prior to trial, he rescinded that waiver after the jury was selected and re-asserted his right to the assistance of appointed counsel to represent him at trial. This error violated petitioner's sixth amendment right to counsel." (ECF No. 48 p. 9). Petitioner also claims that he "did not receive his required *Faretta*[2] warning again prior to trial that he had a right to counsel and that there were dangers and disadvantages associated with self representation." *Id.*

Petitioner's Objections again mirror those arguments previously asserted within his petition and opposition to the motion for summary judgment. Moreover, they fail to show that the trial judge's denial of a continuance to proceed with representation after Petitioner's valid wavier of counsel, and subsequent attempt to rescind, was a decision contrary to clearly established law. *See Marshall v. Rodgers*, 569 U.S. 58, 62 (2013). Additionally, Petitioner's unsupported assertion that he was somehow prejudiced because he did not receive a separate subsequent *Faretta* hearing is without merit because Petitioner clearly states that he was "advised under the *Faretta* requirements" of his rights prior to validly waiving his right to counsel. (ECF No. 48 p. 6).

---

[2] *Faretta v. California*, 422 U.S. 806 (1975).

Lastly, as to Ground Two, the Magistrate Judge states:

> The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the court applied the applicable Supreme Court precedent. Second, the record fails to demonstrate that the PCR court confronted a set of facts that was materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from Supreme Court precedent. There is no indication that appellate counsel's representation was deficient or that Petitioner was prejudiced as a result. Although appellate counsel failed to raise the probable cause issue in her brief, Petitioner has failed to show that he was prejudiced by that omission.

(ECF No. 34 p. 21-22). Within the Objections, Petitioner argues that appellate counsel's failure to include transcripts from his preliminary hearing prejudiced him because, "if probable cause was established at the preliminary hearing, such a decision could have been the subject of appellate counsel's appeal. Additionally, in the light most favorable to the petitioner, testimony at the preliminary hearing could have indicated that the underlying warrants were unsupported by probable cause." (ECF No. 48 p. 16). Yet again, these arguments are a mere rehashing of Petitioner's original claims for relief.

Accordingly, Petitioner has failed to show any error in the Report. Even so, just as the PCR court originally held, the record available to the court indicated that Petitioner's arrest was supported by probable cause. Thus, Petitioner could show no prejudice from a failure to include the preliminary hearing transcript in the record for appeal. Moreover, as discussed above, the subsequent grand jury indictment cured any alleged deficiencies in the arrest warrants. Therefore, appellate counsel could not have been ineffective for failing to raise the probable cause issue or for failing to include relevant transcripts because even

if the arrest warrants were improper, the prosecution could have proceeded on the indictment.

None of Petitioner's attempted Objections address the Magistrate Judge's proposed findings or point to any errors in the Report. Petitioner continuously reasserts his same arguments from his initial petition. Thus, Petitioner has not asserted any specific objections. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). To the extent that any of Petitioner's arguments could constitute specific objections, they fail to indicate any errors within the Report as discussed above.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 34). Thus, Respondent's Motion for Summary Judgment (ECF No. 25) is granted and Petitioner's habeas petition (ECF No. 1) is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

IT IS SO ORDERED.

October 31, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."